UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID SCOTT HASTINGS,

    Plaintiff,

v.                                Case No.:   2:18-cv-775-FtM-99UAM

BRUCE E. KYLE, JOSEPHINE
GAGLIARDIA, H. ANDREW SWETT and
MARIE E. GONZALEZ,

    Defendants.
_____

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon *sua sponte* review of the Court's March 4, 2019 Order (Doc. 10) granting *pro se* Plaintiff David Hastings' ("Hastings") Motion for Extension of Time filed that same day.   (Doc. 8).

Hastings initiated this lawsuit by filing a Complaint on November 19, 2019.   (Doc. 1). Hastings also filed an Application to Proceed in District Court Without Prepaying Fees or Costs, which the Court construed as a Motion to Proceed *In Forma Pauperis*.   (Doc. 2).   The Court denied Hastings' Motion to Proceed *In Forma Pauperis* without prejudice due to the insufficiency of the Complaint and his failure to submit his prisoner's account statement.   (Doc. 7 at 2 and 4). The Court ordered Hastings to submit a certified copy of his prisoner's account statement and allowed him to file an amended complaint by February 28, 2019.   (*Id*. at 5).   The Court warned

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

Hastings that his failure to comply with the Order would result in a recommendation that the matter be dismissed.  (*Id*.).  Subsequently, on March 4, 2019, Hastings filed a Motion for Extension of Time.  (Doc. 8).  The Court granted Hastings' motion allowing up to and including April 29, 2019 to file an amended complaint and his prisoner's account statement.  To date, Hastings has failed to comply with the Court's directive.

Courts "have inherent power to impose sanctions on parties, lawyers, or both."  *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006).  The use of sanctions "requires a finding of bad faith after the party is afforded a due process opportunity to be heard."  *Boler v. Space Gateway Support Co. LLC*, 290 F.Supp. 2d 1272, 1278 (M.D. Fla., 2003).  A court may find bad faith if a party delays litigation or fails to comply with a court order.  *In re Sunshine Jr. Stores*, 456 F.3d at 1304 (finding that a bankruptcy court properly invoked its inherent power to sanction the party when the party repeatedly failed to respond to court orders).  "Upon appropriate circumstances, it is within a court's discretion to . . . dismiss a lawsuit for actions taken in bad faith."  *Id*. at 1305.  While drastic sanctions, like the dismissal of a plaintiff's complaint, should be a court's final resort, this sanction is appropriate "when less drastic sanctions would not ensure compliance with the court's orders."  *Id*. at 1306.

The Court has extended Hastings an opportunity to comply with its directives.  (Doc. 7). And, despite the Court's warning that non-compliance would result in a recommendation that his Complaint be dismissed, Hastings continues to ignore this Court's instructions.  (*Id*.)

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

Plaintiff's Complaint (Doc. 1) be dismissed.

**DONE** and **ENTERED** in Fort Myers, Florida on this 21st day of May, 2019.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties